IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMMY MILLS,  )
        Petitioner, ) Civil Action No. 08-339 Erie
 )
      v. ) Magistrate Judge Susan Paradise Baxter
 )
FRANCISCO J. QUINTANA, )
Warden, FCI McKean, )
        Respondent. )

## OPINION AND ORDER[1]

**I.    Introduction**

Petitioner Timmy Mills is a federal prisoner who was incarcerated at the Federal Correctional Institution, McKean ("FCI McKean") at the time he commenced the instant action. He is serving a 70 month term of imprisonment imposed on November 19, 2007, by the United States District Court for the Northern District of West Virginia. He received 91 days of prior custody credit pursuant to 18 U.S.C. § 3585(b) and his full term will expire on June 19, 2013. His projected release date presently is set at September 18, 2012, assuming he receives all good conduct time available.

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Document # 5] in which he disputes the Bureau of Prisons' (the "BOP's") computation of his sentence. Specifically, he contends that he is entitled to more sentencing credit. For the reasons set forth below, the petition is denied.

**II.    Background**

On May 21, 2006, Petitioner was arrested by local police in Martinsburg, West Virginia, and charged with domestic battery. He remained in local custody until he was released on bond on May

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 14, 16.

1

26, 2006. (Ex.² 2, ¶¶ 5(h), 5(j)). On October 28, 2006, local police once again arrested Petitioner, this time charging him with the state offenses of Driving with a Suspended/Revoked License, Providing False Information, and Driving Under the Influence. (Id., ¶ 5(c)). After the arrest, he remained in local custody. (Id., ¶¶ 5(c)-(g)).

On November 9, 2006, Petitioner pleaded guilty to the state criminal charges connected with the October 28, 2006, arrest. He was sentenced to one year imprisonment. (Id., ¶ 5(c); see also Ex. 2b).

On November 27, 2006, the United States Marshals Service ("USMS") lodged a detainer with the state/local jail authorities at the Eastern Regional Jail in Martinsburg. (Ex. 2c). On December 4, 2006, the United States District Court for the Northern District of West Virginia issued a writ of habeas corpus *ad prosequendum*³ directing the USMS and the Administrator of the Eastern Regional Jail to produce Petitioner at the federal courthouse for an initial appearance. (Ex. 1c). When Petitioner arrived there on December 7, 2006, the USMS executed a federal arrest warrant upon him. He was charged with several federal drug crimes. (Ex. 1d).

On December 12, 2006, Petitioner once again was produced in federal court via a federal writ of habeas corpus *ad prosequendum*. (Ex. 1g; Ex. 2d). He was arraigned and, after arraignment, he was remanded to the custody of the USMS pending processing of the federal criminal charges. (Ex. 1f).

On February 7, 2007, Petitioner pleaded guilty to Distribution of 0.61 grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). (Ex. 2, ¶ 5(a)). On March 19, 2007, in response to his unopposed *Motion to Reconsider Sentence*, the state court amended his state sentence to one year with credit for time served and indicated his state sentence was "to run concurrent with his federal

---

² All "Ex." citations are to those documents attached to the *Response* at Document # 12.

³ A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the sending sovereign unless and until that sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The sending sovereign retains primary custody and the receiving sovereign (in this case, the federal government) is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

sentence now being served." (Ex. 2e). He completed service of his state sentence on August 25, 2007. (Ex. 2, ¶ 5(g); Ex. 2f).

Next, on November 19, 2007, Petitioner was sentenced in the District Court for the Northern District of West Virginia to a 70 month term of imprisonment, with a three year term of supervised release to follow. (Ex. 2g at 2). The federal sentencing court directed that its sentence run concurrent with Petitioner's state sentence. (Id.) As it later explained, it was unaware at the time that Petitioner already had completed service of his state sentence. The federal sentencing court also made several "*recommendations* to the [BOP,]" including that Petitioner be credited for time served since December 7, 2006. Id. (emphasis added).

The BOP has computed Petitioner's federal sentence as having commenced on November 19, 2007 (the date of imposition). (Ex. 2, ¶¶ 8-9; Ex. 2h). It has further determined that he is entitled to receive 91 days of prior custody credit for the time that he served prior to the commencement of his federal sentence from May 21, 2006 through May 26, 2006, and from August 26, 2007 through November 18, 2007. (Id., ¶¶ 10-13; Ex. 1a at 3; Ex. 2h at 2).

Petitioner challenges the BOP's calculation of his sentence. He argues that it is at odds with the federal sentencing court's "recommended credit for time served since December 7, 2006, the date which the federal detainer was issued." Document # 5 at 2-3. As relief, he seeks an order from this Court directing the BOP to give him additional sentencing credit. Petitioner sought this relief through the BOP's administrative remedy process and the BOP denied his request.[4] (Ex. 1b).

Moreover, in April 2008, after learning that the BOP would not give him additional sentencing credit, Petitioner filed a motion with his federal sentencing court and sought a reduction of his 70 month term of imprisonment.[5] On May 30, 2008, that court issued an Order denying the motion. It held:

[T]he Court sentenced the defendant to a 70 month term of incarceration on

---

[4] Therefore, Petitioner properly exhausted his administrative remedies before filing the instant petition for habeas relief.

[5] The District Court for the Northern District of West Virginia's docket is available online and this Court takes judicial notice of it and all docket entries at United States v. Timmy Mills, Docket No. 3:06-cr-70 (N.D. W.Va.).

3

> November 19, 2007. In doing so, the Court provided that the defendant's federal sentence shall run concurrent to his state sentence, based on defense counsel's misrepresentation that the defendant had not yet completed his state sentence. In addition, the Court recommended that the defendant be given credit for time served since December 7, 2006, the date on which the federal detainer was issued.
>
> Upon arrival at the federal institution for service of sentence, the BOP provided the defendant with a projected release date of September 18, 2012. Believing this release date to be at odds with his Court-imposed sentence, the defendant contacted the BOP's Designation and Sentence Computation Center (DSCC) for an explanation. In response, the DSCC informed the defendant that his federal sentence could not be made to run concurrent to his state sentence, as his state sentence was already completed at the time the federal sentence was imposed. In addition, the DSCC informed the petitioner that he was only eligible to receive credit for time served since the completion of his sentence on August 25, 2007, because prior to this time the defendant was in state custody in relation to a state sentence, which was not effected by the federal detainer. As a result of his dealings with the DSCC, the defendant wrote the Court seeking to obtain credit for time served from December 7, 2006 to August 25, 2007.
>
> In regard to the applicable law, the BOP has broad authority in implementing the sentence imposed by the Court. For instance, it is the BOP, and not the district judge, that has the authority to determine when a sentence is deemed to commence and whether the defendant should receive credit for time spent in prior custody. United States v. Pinevro, 112 F.3d 43, 45 (2d Cir. 1997); Mixon v. Paul, 175 F.2d 441 (4th Cir. 1949)....
>
> * * *
>
> ...While the Court is sympathetic to the defendant's position, the Court is constrained by existing precedent. Here, defendant's belief that the BOP is improperly implementing his sentence stems not from illegal action on the part of the BOP but rather from false expectations created by defense counsel's misrepresentation. More specifically, the defendant's federal sentence could not have been made to run concurrent with his state sentence because, at the time of sentencing, the defendant had already completed his state time. Additionally, the time spent in custody from December 7, 2006 to August 25, 2007 could not properly be credited toward his federal sentence because that time was "credited against another sentence," 18 U.S.C. § 3585(b) [discussed below], and because the detainer did not effect the defendant's state-custody status. Thomas v. Whalen, 92 F.2d 358, 359 (4th Cir. 1992).

5/30/08 Order (Document # 310) in United States v. Timmy Mills, Docket No. 3:06-cr-70 (N.D. W.Va.).

After the federal sentencing court rejected Petitioner's motion to receive additional credit, Petitioner filed the instant Petition for Writ of Habeas Corpus [Document # 5] with this Court. He contends that the BOP must give him the additional sentencing credit that he seeks. Respondent has filed his *Response*, Document # 12, to which Petitioner has filed a reply, Document # 15.

4

## III. Discussion

### A. Subject Matter Jurisdiction

A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255 and filed with the federal district court that convicted and sentenced the petitioner. In cases such as this, where the petitioner is challenging the BOP's execution of his federal sentence, the habeas petition is properly brought in the district of confinement under 28 U.S.C. § 2241. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). At the time this petition was filed, Petitioner was incarcerated at FCI McKean. He has since been transferred to FCI Fort Dix, New Jersey.

### B. Legal Analysis

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly. His arguments are without merit.

The BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences. See, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. A federal prisoner's sentence calculation is governed by 18 U.S.C. § 3585, Calculation of a term of imprisonment. Paragraph (a) of the statute governs the date upon which a prisoner's sentence commences, and paragraph (b) governs credit he receives for time he spent in official detention prior to the date his sentence commenced. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28").[6]

**(1) Petitioner's federal sentence commenced on the date it was imposed**

---

[6] BOP programs statements are available in full on its website, www.bop.gov.

> 18 U.S.C. § 3585(a) provides:
>
> **(a) Commencement of sentence.** – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

The BOP has interpreted § 3585(a) such that it will not commence a federal sentence earlier than the date on which it was imposed.[7] PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See also, United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998) ("We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]") (internal quotations and brackets omitted); DeMartino v. Thompson, No. 96-6322, 1997 WL 362260 at *2 (10th Cir. July 1, 1997) ("Logically, a [federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir.1980)); Rashid v. Quintana, Docket No. 1:08-cv-107, 2009 WL 3271214 at *4-5 (W.D. Pa. Oct. 9, 2009), aff'd 2010 WL 1141386 (3d Cir. Mar. 25, 2010) (same).

Where, as here, an inmate is subject to service of a federal sentence only, the BOP's application of § 3585(a) is straightforward. Peterson, Docket No. 1:07-56, 2009 WL 55913 at *3-5. After a district court has imposed the sentence, the BOP will designate the inmate to a federal detention facility and it will calculate the sentence as having commenced on the date it was imposed, which is the earliest possible date that an inmate's federal sentence can commence under any circumstances. PS 5880.28, Chapt. 1, Page 12. That is what occurred in this case. The District

---

[7] Thus, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. Peterson v. Marberry, Docket No. 1:07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan. 5, 2009) (citing PS 5880.28, Chapt. 1, Pages 12-13, and explaining in detail BOP policies regarding § 3585(a)).

Court for the Northern District of West Virginia imposed Petitioner's sentence on November 19, 2007, and the BOP determined that his sentence commenced on that date. Petitioner thus is receiving the maximum amount of sentencing credit available under § 3585(a).

### (2) Petitioner is not entitled to additional prior custody credit

Because the BOP commenced Petitioner's sentence on the earliest possible date, his request for additional sentencing credit must be treated as a request for pre-commencement credit (known as prior custody credit), which is governed by 18 U.S.C. § 3585(b). It provides:

> (b) Credit for prior custody. – **A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences** –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added). The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001);[8] United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

For purposes of Petitioner's federal sentence computation, the conduct connected with his federal offense occurred on January 12, 2006. (Ex. 2g at 1). Thus, under § 3585(b)(2), only time that he served in official detention between January 12, 2006 and November 18, 2007 (the day before his federal sentence commenced), may be considered for treatment as federal prior custody

---

[8] Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995. See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

7

credit.

Petitioner's records indicate that between January 12, 2006, and November 19, 2007, he was incarcerated from May 21, 2006 through May 26, 2006 (7 days), and from October 28, 2006 through November 18, 2007 (387 days). (Ex. 2, ¶ 11). The BOP has calculated that he is entitled to receive a total of 91 days prior custody credit for the time that he served in official detention from May 21, 2006 through May 26, 2006 (7 days), and from August 26, 2007 (the day after his state sentence expired) through November 18, 2007 (the day before his federal sentence commenced) (84 days). (Id., ¶ 13; Ex. 2h at 2). Thus, the span of time Petitioner seeks to have credited against his federal sentence is the period spanning October 28, 2006, through August 25, 2007. Because records from the state of West Virginia indicate that all of that time was credited against his state sentence (id.; Ex. 2f), the BOP is statutorily precluded from granting Petitioner with prior custody credit under § 3585(b) for any time he spent in official detention between those dates. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314.

### (3) Petitioner is not entitled to qualified credit under Kayfez or Willis

Petitioner also raises an argument based on BOP policies that creates a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971).[9]

Pursuant to Kayfez, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are

---

[9]

BOP policy provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." PS 5880.28, Chapt. 1 at Page 22. The BOP refers to these credits as "Willis time credits" after the decision that prompted the policy (Willis v. United States, 438 F.2d 923 (5th Cir. 1971)). Id. In Kayfez, the BOP had refused to credit against the petitioner's federal sentence the time he spent in state custody before receiving his first sentence (federal in that case) because that time already had been credited to his concurrent state sentence. 993 F.2d at 1289. The BOP insisted that, because his state sentence was longer than his federal sentence, the period he sought credit for did not qualify as "Willis time." Id. at 1290. The Seventh Circuit Court concluded, however, that because the petitioner had been in presentence custody for 416 days, and his state sentence was longer than his federal sentence by only 358 days, the BOP had to give him 58-days of credit to his federal sentence in order to receive the full benefit of the 416-day credit he technically had received. Id.

8

concurrent; (2) the raw effective full term ("EFT") date[10] of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time,[11] is reduced to a date that is earlier than the federal raw EFT date. See PS 5880.28, Chapt. 1 at Pages 22B-24 and (Ex. 2, ¶ 15). Pursuant to Willis, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT. Id.; (Ex. 2, ¶ 16).

In calculating Petitioner's sentence, the BOP determined that neither the Kayfez nor the Willis rule could be applied because, as already explained, his federal sentence could not run concurrently with his state sentence. (Ex. 2, ¶ 17). There is no basis for this Court to interfere with the BOP's determination. Petitioner's federal sentence simply could not be served concurrent with his state sentence because that sentence had been fully discharged at the time that his federal sentence was imposed. (Ex. 2, ¶ 17). Although the federal sentencing court initially directed that the federal sentence run concurrent with the state sentence, its erroneous belief that Petitioner was still serving his state sentence cannot change the fact that the two sentences were not concurrent. This Court's only authority is to determine if the BOP calculated Petitioner's sentence in accordance with federal law, and there is no question that it did.

The Court also notes that the federal sentencing court could have adjusted the length of Petitioner's sentence once it learned, through Petitioner's April 2008 motion, that he could not receive credit for all time served since December 7, 2006. It expressly declined to do so. The court left the 70 month term of imprisonment intact and acknowledged that the BOP, and not it, makes the determination as to the amount of sentencing credit Petitioner can receive under federal law.

---

[10] The Raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the sentence. PS 5880.28, Chapt. 1 at Page 14.

[11] Qualified non-federal presentence time is the number of days between the date of nonfederal arrest and the date the first sentence (whether federal or non-federal) commences. See PS 5880.28, Chapt. 1 at Page 23.

9

5/30/08 Order (Document # 310) in United States v. Timmy Mills, Docket No. 3:06-cr-70 (N.D. W.Va.).

### (4) 18 U.S.C. § 3568 has been Repealed And Does Not Apply

Petitioner also argues that pursuant to 18 U.S.C. § 3568 (repealed) and case law interpreting that statute, he should receive prior custody credit for the time he served in state custody that was also credited against his state sentence. This argument lacks merit because § 3568 has been repealed and superceded by 18 U.S.C. § 3585, which was enacted under the Sentencing Reform Act of 1984 ("SRA"). The provisions of the SRA went into effect on November 1, 1987, and applied to offenses committed afer November 1, 1987. See Gallardo v. Quinlan, 874 F.2d 186, 188 (3d Cir. 1989) (per curiam).

Section § 3568 (repealed) provided:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. **The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.**

18 U.S.C. § 3568 (emphasis added) (repealed Nov. 1, 1987).

In Wilson, the Supreme Court observed that the SRA rewrote § 3568 and recodified it at § 3585(b). 503 U.S. at 332. It explained that § 3585(b) altered § 3568 in that the recodified version, "Congress made clear that a defendant could not receive a double credit for his detention time." Id. at 337.

In Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), the case cited by Petitioner, the United States Court of Appeals for the Fifth Circuit interpreted § 3568 as permitting an inmate to receive federal jail time credit for the time that he served in state custody while he was serving a state sentence, after a federal detainer was lodged with state prison officials. The Davis court explained that once the federal detainer was lodged, all of the time served in state custody was time served in connection with the federal offense. 425 F.2d at 240. Davis cannot be applied to this case because Petitioner's federal offense conduct was committed on January 12, 2006, which is after the effective date of the SRA. Because Petitioner's sentence computation is governed by § 3585 – and

not by § 3568 – the time that he served after the federal detainer was lodged with state prison officials does not qualify as federal prior custody credit.  See 18 U.S.C. § 3585(b).

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## IV. CONCLUSION

For the foregoing reasons, this Court denies the Petition for Writ of Habeas Corpus.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMMY MILLS,** | ) | |
| Petitioner, | ) | **Civil Action No. 08-339 Erie** |
| | ) | |
| v. | ) | **Magistrate Judge Susan Paradise Baxter** |
| | ) | |
| **FRANCISCO J. QUINTANA,** | ) | |
| **Warden, FCI McKean,** | ) | |
| Respondent. | ) | |

## **ORDER**

AND NOW, this 28th day of June, 2010;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus is DENIED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge